﻿Citation Nr: AXXXXXXXX
Decision Date: 05/29/20 Archive Date: 05/29/20

DOCKET NO. 200319-72396
DATE: May 29, 2020

REMANDED

Evaluation of right shoulder recurrent dislocation, which is currently 20 percent disabling, which was proposed to be decreased to 0 percent, is remanded.

Evaluation of left shoulder surgical scar, which is currently 0 percent disabling, is remanded.

REASONS FOR REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the Veteran’s claim so that he is afforded every possible consideration. See 38 U.S.C. § 5103A; 38 C.F.R. § 3.159. 

The Veteran had active military service from January 1951 to October 1954.

The Board notes that the rating decision on appeal was issued in February 2020. In March 2020, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d).

In February 2020, the Regional Office (RO) proposed to reduce the Veteran’s left and right shoulder recurrent dislocation disabilities, each from 20 percent to zero percent. However, in April 2020, the RO issued another rating decision that continued the Veteran’s left and right shoulder recurrent dislocation disabilities at 20 percent each. 

The Board notes that in conjunction with his Notice of Disagreement with the February 2020 rating decision on appeal, he is seeking the highest possible benefit allowed under the law for his shoulder disabilities. Therefore, although the proposed reduction did not occur, the Board will continue to adjudicate these issues as increased rating claims.

However, the Veteran also has a separate legacy appeal stream involving entitlement to increased ratings for left shoulder disabilities (both degenerative joint disease and left shoulder dislocation) as well as entitlement to a TDIU, that was most recently remanded by the Board in February 2020. Therefore, the Veteran’s claims for increased ratings regarding his left shoulder degenerative joint disease and dislocation and TDIU will be addressed in a separate decision and not discussed herein. 

1. Evaluation of right shoulder recurrent dislocation, which is currently 20 percent disabling, and was previously proposed to be decreased to 0 percent, is remanded.

Regarding the Veteran’s right shoulder disability, the Board notes that on the Veteran’s Notice of Disagreement, the Veteran stated that his January 2020 VA shoulder examiner only spent a few minutes with him and did not complete the range of motion testing. The Board notes that range of motion testing is completed on the January 2020 examination, however, it is unclear whether the examiner completed this section properly, as stated by the Veteran. Additionally, the January 2020 examiner stated that the Veteran does not experience flare ups. However, at the Veteran’s November 2019 examination, he stated that he did. Therefore, it appears that the January 2020 VA examination may contain inaccurate information.

Furthermore, the Board notes that the Veteran’s claim file indicates that a shoulder examination was recently requested in April 2020. To cure any potential inadequacies with the January 2020 examination, and as this examination may provide relevant and pertinent information for adjudicating the Veteran’s claim for an increased right shoulder rating, a remand is warranted for the upcoming examination to be added to the Veteran’s claims file upon completion. 

2. Evaluation of left shoulder surgical scar, which is currently 0 percent disabling is remanded.

As noted above, it appears that the Veteran may be undergoing a VA shoulder examination soon. Included in that examination will be a section involving any scars associated with the veteran’s left shoulder disability. Therefore, the Board finds that prior to adjudicating entitlement to a compensable rating for a left shoulder scar, the updated VA examination should be associated with the Veteran’s file to ensure that an adequate VA examination is on file for this issue. 

The matters are REMANDED for the following action:

1. Obtain any outstanding and upcoming VA examinations and associate those documents with the Veteran’s claims file.

2. Following completion of the above, and a review of any additional evidence received, the RO should also undertake any other development it deems to be necessary, to include, if warranted, an addendum medical opinion which considers any newly received evidence.

 

MICHAEL MARTIN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Mountford, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.